IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Xiteng Liu, | ) Civil Action No. 3:06-3255-CMC-JRM |
|                Plaintiff, | ) |
| vs. | ) |
| U.S. Citizenship and Immigration Services, Texas Service Center, | ) **REPORT AND RECOMMENDATION** |
|                Defendant. | ) |

Plaintiff, Xiteng Liu ("Liu"), lawfully entered the United States on a student visa and enrolled at the University of South Carolina. He applied to the Department of Homeland Security, U.S. Citizenship and Immigration Services ("USCIS"), for permission to work under the Optional Practical Training Program ("OPT"). The application was denied and on August 26, 2006 because, according to defendant, it was not timely received. Liu filed his pro se complaint on November 20, 2006, seeking an order requiring defendant to issue him an OPT card which would allow him employment and for monetary damages. Thereafter, defendant reconsidered its position and issued Liu an OPT card, but it was not for the maximum 12-month employment period allowed by the regulations. Liu then filed an amended motion for a new OPT card arguing that he was entitled to an OPT card which would allow him to work for a full 12 months. After a hearing on May 3, 2007, the undersigned issued an order, construing Liu's motions as motions to amend his complaint, and granting the same.

Liu rejected mediation. On July 31, 2007, defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Because Liu is pro se, and order pursuant to Roseboro v. Garrison,

528 F.2d 309 (4th Cir. 1975), was issued on August 6, 2007, explaining his responsibility to respond to the motion to dismiss. Liu filed responses on August 9 and September 17, 2007.

## Discussion

1.   OPT Card

An alien is defined under the Immigration and Nationality Act ("INA") as "any person not a citizen or national of the United States." 8 U.S.C. § 1101(a)(3). A nonimmigrant alien is an alien who is granted temporary residence in the United States for specific purposes as provided in the INA. 8 U.S.C. § 1101(a)(15). An F-1 nonimmigrant alien is an alien delineated by 8 U.S.C. § 1101(a)(15)(F)(i) as "having a residence in a foreign country which he has no intention of abandoning, who is a bona fide student qualified to pursue a full course of study and who seeks to enter the United States temporarily and solely for the purpose of pursuing such a course of study...." It is undisputed for the purpose of this litigation that Liu is an F-1 nonimmigrant alien ("F-1 student").

The Secretary of Homeland Security is authorized to "establish such regulations as he deems necessary for carrying out his authority under the provisions of" the INA.[1] 8 U.S.C. § 1103(a)(3). The Secretary has promulgated regulations addressing classes of aliens authorized to accept employment. 8 C.F.R. § 247a.12. An F-1 student may not become employed unless authorized to do so by the Secretary pursuant to 8 C.F.R. 274a.12(c)(3):

> (c) Aliens who must apply for employment authorization. An alien within a class of aliens described in this section must apply for work authorization. If

---

[1]The Secretary's interpretations of the agency's regulations is controlling unless "plainly erroneous or inconsistent with the regulation." Auer v. Robbins, 519 U.S. 452, 461 (1997) quoting Robertson v. Methow Valley Citizens Council, 490 U.S. 332, 359 (1984) and Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 414 (1945).

>authorized, such an alien may accept employment subject to any restrictions stated in the regulations or cited on the employment authorization document. BCIS,[2] in its discretion, may establish a specific validity period for an employment authorization document.

>\* \* \*

>(3)    A nonimmigrant (F-1) student who:

>>(i) Is seeking employment for purposes of optional practical training pursuant to 8 CFR 214.2(f), provided the alien will be employed only in an occupation which is directly related to his or her area of studies....

Thus, USCIS (BCIS/the Secretary) has within its discretion the power to authorize F-1 students' employment in jobs directly related to their field of study, i.e. OPT, under 8 C.F.R. § 214.2(f). Pursuant to 8 C.F.R. 214.2(f)(10)(B)(ii) "(a) student may apply to the Services for authorization for temporary employment for optional practice training directly related to the student's major area of study." The application requirements are stated in 8 C.F.R. § 214.2(f)(11) which states "(t)he total periods of authorization for optional practical training...shall not exceed a maximum of twelve months." The procedure for adjudication of the application is set forth in 28 U.S.C. § 214.2(f)(12) which states in part "(t)he applicant may not appeal the decision" of the Service.

Liu argues that the employees of USCIS have no discretion, perform only ministerial functions, and are required to issue an OPT card for the maximum twelve month period when presented with a properly completed application. He generally cites the statutes and regulations cited above. Contrary to Liu's arguments, the regulations grant the Secretary discretion in

---

[2]"BCIS," The Bureau of Citizenship and Immigration Services is the predecessor of the USCIS.

authorizing F-1 students to work. Pursuant to 8 C.F.R. 274a.12(c), the alien "**must apply**" and can only become employed "**(i)f authorized**." The only mandatory requirement is that the F-1 student must submit an application. There are no mandatory requirements placed on the USCIS and is has discretion to allow, preclude, or restrict an F-1 student from working in the United States.

Liu has not shown that he is entitled to an OPT card or an OPT card which would allow him to work for the maximum twelve months provided by regulation.

    2.       Federal Tort Claims Act ("FTCA")

Liu alleges that he is entitled to monetary damages for "mental relief" and for "living expense relief" due to the "malfeasance" of defendant's employees at the Texas Service Center (Complaint, p. 5). Defendant construes the Complaint as raising a claim for monetary damages under the FTCA and argues that this Court lacks jurisdiction because Liu has never filed an administrative tort claim with the agency. See affidavit of Peter D. Gregory attached to defendant's memorandum.

Under the legal doctrine of sovereign immunity, the United States, its departments, and agencies cannot be sued for money damages absent the express consent of the United States. U.S. v. Mitchell, 463 U.S. 206, 212 (1983). The FTCA applies in one of the few areas in which the United States has waived its sovereign immunity, i.e., where personal injuries are allegedly caused by the action or inaction of government officials or employees. See 28 U.S.C. §§ 1346 and 2674. However, before an FTCA action may be filed in United States District Court, an appropriate administrative claim must first be filed with the appropriate federal agency. 28 C.F.R. § 14.2. Litigants must strictly comply with FTCA requirements. 28 U.S.C. § 2675 and U.S. v. Kubrick, 444 U.S. 111, 117-18 (1979). The burden is on the plaintiff in a FTCA case to prove that he has

4

completed the conditions precedent to filing a lawsuit.  <u>Kielwien v. U.S.</u>, 540 F.2d 676, 679 (4th Cir. 1976).

Liu has not shown that he filed an administrative claim with USCIS.  Based on Mr. Gregory's affidavit, the undersigned finds that Liu failed to do so.  Therefore, insofar as Liu alleges an FTCA claim, this court lacks jurisdiction.

## **Conclusion**

Based on a review of the record, it is recommended that defendant's motion to dismiss be granted.

                                                Respectfully submitted,

                                                s/Joseph R. McCrorey
                                                United States Magistrate Judge

February 27, 2008

Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).